IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JENNIFER E. McDOWELL, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3635 |
| | : | |
| DEPARTMENT OF HUMAN | : | |
| SERVICES, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**GOLDBERG, J.**                                                                                                                                                                                                              **October 17, 2023**

      Currently before me are a Motion to Proceed In Forma Pauperis and a civil Complaint filed by Plaintiff Jennifer E. McDowell that raises claims against the Department of Human Services ("DHS") and others based on a DHS investigation of McDowell and a related on-going conspiracy affecting her life. (ECF Nos. 1 & 2.) For the following reasons, I will grant McDowell leave to proceed in forma pauperis and dismiss her Complaint with prejudice.

**I.**     **FACTUAL ALLEGATIONS AND LITIGATION HISTORY**[1]

      In October 2021, McDowell began filing a series of lawsuits against DHS, its employees, and others, based on allegations that they were involved in a broad conspiracy to harass her and destroy her life in connection with a DHS investigation of her. See McDowell v. Dep't of Hum. Servs., Nos. 21-4756, 22-667, 22-1147 (E.D. Pa.); see also McDowell v. Dep't of Hum. Servs.,

---

[1] The following facts are taken from the Complaint and the publicly available dockets for prior civil actions filed by McDowell, of which I take judicial notice. See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings).

No. 22-1147, 2022 WL 970853, at *1-3 (E.D. Pa. Mar. 31, 2022) (detailing McDowell's filing history). The Honorable Eduardo Robreno was initially assigned to McDowell's cases and ultimately dismissed three of them upon screening McDowell's complaints pursuant to 28 U.S.C. § 1915(e)(2)(B) after granting her leave to proceed in forma pauperis. See McDowell, 2022 WL 970853, at *1-3.

McDowell's first case, which was filed against DHS and an employee of the "Northwest Treatment Center," was dismissed as factually baseless due to the "scope of [the] alleged conspiracy against [her] and the attribution of every day adverse events to [the] conspiracy." McDowell v. Dep't of Hum. Servs., No. 21-4756, 2022 WL 394756, at *4 (E.D. Pa. Feb. 9, 2022) (observing that "[t]he gist of McDowell's allegations in this case is that DHS is attempting to destroy her life by constantly surveilling her, turning her employers, landlords, relatives, and others against her, and interfering with her day-to-day life by, among other things, encouraging others to 'gang-stalk' and harass her"). McDowell's second case, which was filed in February 2022 against DHS, Apple Tree Family Central Intake Center, Lutheran Settlement House, and others, "repeat[ed] similar allegations to those raised in [her first case]" for example, that "in connection with its investigation of her and its open cases against her, DHS participated in 'Gang stalking' by using her landlord and employers in a plot against her, which deprived her of housing and opportunities to earn an income." McDowell v. Dep't of Hum. Servs., No. 22-0667, 2022 WL 580508, at *2 (E.D. Pa. Feb. 25, 2022). Judge Robreno dismissed McDowell's claims against DHS as barred by claim preclusion and also concluded that the complaint should be dismissed in its entirety as lacking a basis in fact for the same reasons McDowell's first case was dismissed.[2]

---

[2] Claims raised on behalf of McDowell's children were dismissed without prejudice for lack of standing. McDowell v. Dep't of Hum. Servs., No. 22-0667, 2022 WL 580508, at *3 (E.D. Pa. Feb. 25, 2022).

2

McDowell v. Dep't of Hum. Servs., No. 22-0667, 2022 WL 580508, at *4 (E.D. Pa. Feb. 25, 2022) ("Given the complexity of this alleged conspiracy, including its scope, duration, and character, the Court concludes that McDowell's allegations lack a basis in fact."). McDowell's third complaint, filed in March 2022 against DHS, was dismissed as barred by claim preclusion. McDowell v. Dep't of Hum. Servs., No. 22-1147, 2022 WL 970853, at *4 (E.D. Pa. Mar. 31, 2022) ("[I]t is readily apparent that McDowell's Complaint in the instant civil action is based on the same series of events at issue in her prior cases, Civil Action Numbers 21-4756 and 22-667, both of which were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).").

In dismissing McDowell's "third unsuccessful lawsuit . . . about the DHS investigation against her," Judge Robreno "placed [McDowell] on notice that if she files any new lawsuits based on the DHS investigation, the Court may subject her to a prefiling injunction, even if she names new Defendants or attempts to assert claims based on new legal theories." Id. (citing Abdul-Akbar v. Watson, 901 F.2d 329, 333 (3d Cir. 1990)). She filed a new lawsuit in November 2022 against Judge Robreno, which was assigned to the undersigned and which raised claims based on Judge Robreno's handling of McDowell's third case. See McDowell v. Robreno, No. 22-4404 (E.D. Pa.). After granting McDowell leave to proceed in forma pauperis, the Court dismissed her lawsuit as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because McDowell's claims were barred by absolute judicial immunity. See McDowell v. Robreno, No. 22-4404, 2022 WL 17487736, at *2 (E.D. Pa. Dec. 7, 2022) ("Since it is apparent that McDowell's claims are based on Judge Robreno's handling of Civil Action Number 22-1147, to which he was assigned, Judge Robreno is entitled to absolute judicial immunity from McDowell's claims.").

On April 30, 2023, McDowell filed a fourth complaint, which raised claims against DHS, Apple Tree Family Central, and Lutheran Settlement House based on allegations that an ongoing

conspiracy against McDowell driven by a DHS investigation or investigations led to the removal of her children from her care and adversely affected her life in numerous respects on a daily basis. See McDowell v. Dep't of Human Servs., No. 23-1646 (E.D. Pa.) (ECF No. 2). Among other things, McDowell alleged "that DHS or others at the direction of DHS implemented 24/7 days a week mental torture (environmental stimuli-mechanisms) that trigger intentionally (operant conditioning) to essentially force an outcome for dependency in a child welfare case," that DHS "restarted an investigation immediately year after year using accumulated real time surveillance in an effort to effect numerous areas of her life" and that a co-conspirator "attacked her drivers license with fake ticketing profiling." McDowell v. Dep't of Hum. Servs., No. 23-1646, 2023 WL 5182590, at *2 (E.D. Pa. Aug. 11, 2023) (internal quotations and alterations omitted). McDowell also filed an "emergency" motion for a temporary restraining order or preliminary injunction, which the Court denied.

In an August 11, 2023 Memorandum and Order, the Court granted McDowell leave to proceed in forma pauperis and dismissed her Complaint upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B) both as barred by claim preclusion and as factually baseless. Id. at *4. The Court also directed McDowell to show cause as to why she should not be subjected to a pre-filing injunction "that prohibits her from filing any additional lawsuits about the DHS investigations against her and the related conspiracy underlying her claims in this case and her three prior cases— Civil Action Numbers 21-4756, 22-667 and 22-1147—unless she is represented by counsel and pays the fees to commence the case." Id. at *5. McDowell did not respond to that order.

To the contrary, on September 17, 2023, McDowell filed the instant civil action against DHS, "the Office of homeless," Apple Tree Family Center, "Commissioners Action Responds Office for DHS," Jane Addams Place, Lutheran Settlement House, "Philadelphia Police," and

"Executive Director of HR First Judicial District of Pennsylvania." (Compl. at 1.)[3] She raises constitutional claims based on events occurring from 2014 through the present and relies entirely on her attached "Emergency Motion for Preliminary Injunction and For a Temporary Restraining Order" for the factual basis of her claims.[4] (Id. at 3.) As in her prior cases, McDowell describes a sprawling years-long conspiracy against her motivated primarily by a DHS investigation of her. Among other things, McDowell alleges that she is subjected to constant surveillance—including while nude—and to devices that control her (see, e.g., id. at 9, 12, 14, 18, 22, 30, 33, 44), that individuals in her life are recruited to participate in the conspiracy as "covert agents" (see, e.g., id. at 12, 15, 23, 26, 28), and that individuals participating in the conspiracy have harmed her in various respects including by deliberately crashing into her car on multiple occasions and interfering with her housing and medical care, (see, e.g., id. at 12, 20, 35, 39, 40). McDowell seeks unspecified "compensation" and an injunction "to prevent DHS investigators from making it up and attacking as they go along." (Id. at 4.)

## II.     STANDARD OF REVIEW

I will grant McDowell leave to proceed in forma pauperis because it appears that she is not capable of prepaying the fees to commence this civil action. Accordingly, I must dismiss McDowell's Complaint if, among other things, it is frivolous or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual

---

[3] Page numbers refer to those supplied by the CM/ECF docketing system.

[4] I have already denied the emergency motion (ECF No. 5).

allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." Id. at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Denton v. Hernandez, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. Id. "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; [the Court] may also look beyond the complaint to public records, including judicial proceedings." Weinberg v. Scott E. Kaplan, LLC, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); Gimenez v. Morgan Stanley DW, Inc., 202 F. App'x 583, 584 (3d Cir. 2006) (per curiam) (observing that "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

### III. DISCUSSION

Most of McDowell's claims in this case are precluded as a result of the dismissal of her prior cases based on the same subject matter. "Claim preclusion—which some courts and commentators also call res judicata—protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." Beasley v. Howard, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim preclusion prevents parties from raising issues that could have been raised and

decided in a prior case regardless of whether those issues were litigated. Id. In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." Id. at 231-32. "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." Id. at 232; Sheridan v. NGK Metals Corp., 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.'" (quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 983-84 (3d Cir. 1984))).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Marmon Coal Co. v. Dir., Office Workers' Comp. Programs, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted). "A dismissal under the in forma pauperis statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future in forma pauperis actions raising the same claim." Gimenez, 202 F. App'x at 584. With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a substantive legal relationship between the party and nonparty. Taylor v. Sturgell, 553 U.S. 880, 893-94 (2008).

It is readily apparent that McDowell's Complaint in the instant civil action is based on the same series of events at issue in her prior cases, which were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Most of the Defendants named in this case or their privies have been previously named by McDowell in her prior lawsuits. See Gage v. Somerset County, No. 22-2696, 2023 WL

179847, at *1 (3d Cir. Jan. 13, 2023) (per curiam) (finding privity requirement satisfied to bar claims against supervisor who was named in second lawsuit because he allegedly knew about his employees' illegal conduct and sought to cover it up); see also Sheridan, 609 F.3d at 261 ("The fact that there are additional parties in Sheridan II does not affect our conclusion" that claim preclusion applies); Pasqua v. County of Hunterdon, No. 15-3501, 2017 WL 5667999, at *12 (D.N.J. Nov. 27, 2017) ("[W]here the claims presented in the two actions are identical, the County Defendants were named in both actions, and the Individual Defendants have a close and significant relationship to the County Defendants, the Court finds that the 'same parties or their privies' requirement of the claim preclusion defense has been satisfied.") (citing cases). The final judgments in those lawsuits preclude McDowell from reasserting her claims in this lawsuit, whether based on the same or new legal theories.

To the extent McDowell raises claims against certain newly added Defendants that are not precluded, her claims nevertheless fail because, as in her prior cases, her allegations rise to the level of factual baselessness. See, e.g., West v. United States, 779 F. App'x 148, 149 (3d Cir. 2019) (per curiam) ("After carefully reviewing West's lengthy complaint and his voluminous attachments, we agree with the District Court that dismissal was proper, as West seeks relief based on his contention that he has suffered a 'covert civil death' over the course of decades due to the alleged actions of countless individuals across the world."); Lewis-Davis v. PEC-Gloria's Place, No. 21-2180, 2021 WL 3271150, at *4 (E.D. Pa. July 28, 2021) (concluding that allegations lacked basis in fact when plaintiff alleged that a shelter where she was staying was "misusing her private electronic communications against her" to retaliate against her for filing complaints about a former employer in a different state); Khalil v. United States, No. 17-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (finding plaintiff's allegations "wholly incredible" when he alleged "a

broad conspiracy involving surveillance of and interference with his life by the United States and various government actors"). This conclusion provides an alternative basis for dismissal of all the claims raised in this case.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant McDowell leave to proceed <u>in forma pauperis</u> and dismiss her Complaint. The Court concludes that amendment would be futile because McDowell cannot cure the defects noted above. An appropriate Order follows, which dismisses this case, and which shall be docketed separately.